

February 7, 2022

Robert B. Lower
(646) 398-1018
rlower@lowerlaw.com

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York

> The discovery in this case is STAYED, and all deadlines in the Civil Case Management Plan and Scheduling Order at Dkt. No. 23 are ADJOURNED sine die.  Plaintiffs' request for a discovery conference is denied.  For clarity, the briefing schedule for Defendants' motion to dismiss as ordered at Dkt. No. 24 is not changed.  Plaintiffs shall file their opposition to the motion to dismiss by February 25, 2022.  Defendants shall file any reply by March 9, 2022.  So Ordered.
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE
>
> Dated: February 8, 2022
> New York, New York

Re:   1:21-cv-09393-LGS, Oles v. City Of New York et al.
      Defendants' Refusal to Produce Data for >75% of Tickets in Dispute

Dear Judge Schofield:

      We represent Plaintiffs in the above-captioned matter and respectfully request a pre-motion discovery conference pursuant to Section III.C.3 of Your Honor's Individual Rules and Procedures to discuss Defendants refusal to produce basic data they already maintain regarding the narrow population of parking tickets issued to putative class members.  By withholding data for most tickets at issue, Defendants are preventing Plaintiffs from commencing a labor-intensive analysis of the ticketing practices and damages described in the Complaint and complying with Court-ordered discovery deadlines.

      Defendants issue roughly ten million parking tickets each year.  Although impossible to calculate with precision without this discovery, Plaintiffs have sought data associated with only roughly 1% of the tickets Defendants issued within eight years of this action's filing, *i.e.*, the period Defendants regularly identify as the statute of limitations for parking tickets.[1] Defendants now argue that a three-year statute of limitations applies and limits discovery. Plaintiffs have identified several statute of limitations tolling authorities and in-Circuit opinions permitting recovery (and certainly discovery) in connection with, *inter alia*, continuing violations of law of the type alleged here.[2]  Plaintiffs are happy to summarize these authorities in any level of detail requested by the Court.

---

[1] "The Department of Finance told Gothamist/WNYC that the statute of limitations for speeding and parking tickets is eight years." Stephen Nessen, *NYC Leaves Millions On Table In Uncollected Parking Tickets, New Report Finds*, Mar. 28, 2021  https://gothamist.com/news/nyc-leaves-millions-table-uncollected-parking-tickets-new-report-finds (last accessed Jan. 28, 2022).

[2] *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ("Statutes of limitations in actions against the government are subject to the same rebuttable presumption of equitable tolling applicable to suits against private defendants."); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 386 (1982) (statutory limitations periods are "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir. 1996) (equitable tolling appropriate where a party is "prevented in some extraordinary way from exercising his rights" – examples of such extraordinary conduct in this case include Defendants' creation of a dishonest administrative tribunal designed to violate Defendants' own parking regulations, uphold illegal parking tickets, and prevent drivers from accessing a fair



The data sought corresponds to tickets making the same factual allegations as those issued to Plaintiffs, which alleged:

**1)** Plaintiffs failed to comply with the City's unlawful vehicle alteration requirements (*i.e.*, Violation Code 82 tickets),³ and

**2)** Plaintiffs vehicle committed a first violation by being a *commercial* vehicle governed by the 34 R.C.N.Y. § 4-08(k) "[s]pecial rules for commercial vehicles" (*i.e.*, tickets bearing Violation Codes 78, 82, 84, and/or 85), and also committed a second violation by being a *non-commercial* vehicle (tickets bearing Violation Code 31). The fact that these tickets all rely upon the same commercial vehicle definition, and the fact that a vehicle cannot simultaneously be commercial and non-commercial, remain undisputed. For clarity, Plaintiffs have enclosed a chart below summarizing these mutually exclusive tickets, which Defendants continue to issue pursuant to their official "companion summonses" policies.

All of the "companion summonses" contested by this action make the same objectively impossible allegations as the tickets Plaintiff received, namely, that a single vehicle committed a first violation applicable solely to "commercial vehicles" and a second violation applicable solely to "non-commercial" vehicles.⁴ These records are also necessary to support Plaintiffs' claims that these practices are long-standing, intentional, and frequently exceed Defendants' authority to determine "charges of *parking* violations."⁵ By way of example, it is undisputed that Plaintiff Oles received *two* tickets and $230 in fines solely because the pickup truck he parked did not have his mother's name and home address displayed on its doors. Specifically, Plaintiff Oles received a Violation Code 82 ticket alleging the vehicle was commercial and therefore illegally unaltered, and a Violation Code 31 ticket alleging the vehicle was *non-commercial* and therefore illegally parked in a commercial zone. Accordingly, for these and myriad additional reasons provided in the Complaint, Defendants should be compelled to produce basic information regarding the two narrowly defined categories of parking tickets issued to putative class members. Plaintiffs thank the Court for its time and consideration.

---

tribunal); *see also In re Merrill Lynch Ltd. Partnerships Litigation,* 7 F. Supp. 2d 256, 274 (S.D.N.Y. 1997) (tolling pursuant to doctrine of fraudulent concealment); *Mauro v. Board of Higher Educ.*, 658 F. Supp. 322, 324 (S.D.N.Y. 1986) ("The essence of the doctrine is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action."); *Gilman v. Brown,* No. CIV. S-05-830 LKK/GGH, 2012 U.S. Dist. LEXIS 75728, at *15-17 (E.D. Cal. May 30, 2012) (civil rights class action was not time-barred because defendants' ongoing policy deprived plaintiff-inmates of due process during the parole eligibility process); *Dillman v. Combustion Engineering, Inc.,* 784 F.2d 57, 60 (2d Cir. 1986).

³ *See, e.g.*, *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 569 U.S. 641, 644 (2013) ("We hold that the Federal Aviation Administration Authorization Act of 1994 (FAAAA) expressly preempts [Los Angeles' practice of requiring] a company to . . . display designated placards on its vehicles").

⁴ 34 R.C.N.Y. § 4-01 ("Commercial vehicle" definition); *see also* Defendants' Violation Code Definitions https://www1.nyc.gov/site/finance/vehicles/services-violation-codes.page (last accessed Jan. 29, 2022).

⁵ N.Y. Veh. & Traf. Law § 237(1) (emphasis added); N.Y.C. Admin. Code § 19-203 (same language); *see also* N.Y.C. Admin. Code § 10-127 (imposing marking requirements upon commercial vehicles "operating" [cf. *parking*] "on the streets of the city"); Compl. ¶¶ 2 & 68.



| | **Impossibility of Stacked Non-commercial *and* Commercial Tickets** | | |
|---|---|---|---|
| | **[ VC31 ] + [ VC78, VC82, VC84, or VC85 ] = IMPOSSIBLE** | | |
| **Violation Code ("VC")** | **Predicate Factual Allegation for Each VC** | **Defendants' VC Definitions** | **Plaintiffs' Allegations for Each VC** |
| 31 | Vehicle is **"non-commercial"** | "Standing of a **non-commercial** vehicle in a commercial metered zone." | Unlawful when issued in combination with **VC78**, **VC82**, **VC84**, and/or **VC85** tickets swearing "under penalty of perjury" that the same vehicle is illegally parked because it is **"Commercial."** |
| 78 | Vehicle is **"Commercial"** | "Parking a **Commercial** Vehicle on a residential street between 9PM and 5AM unless doing business within 3 blocks. Parking is allowed during this time if the vehicle is owned or operated by a gas or oil supplier or maintenance company or by any public utility." | Unlawful when issued in combination with **VC31** ticket(s) swearing "under penalty of perjury" that the same vehicle is illegally parked solely because it is **"non-commercial."** |
| 82 | Vehicle is **"Commercial"** | "Standing or parking a **Commercial** Vehicle unless all seats, except the front seats, and rear seat equipment removed. The name and address of the owner must be on the registration certificate plainly marked on both sides of the vehicle in letters and numerals not less than 3 inches in height. (Vehicles with Commercial Plates are considered to be Commercial Vehicles and must be altered accordingly." | **ALL UNLAWFUL** for reasons provided in Complaint. Also unlawful when issued in combination with **VC31** ticket(s) swearing "under penalty of perjury" that the same vehicle is illegally parked solely because it is **"non-commercial."** |
| 84 | Vehicle is **"Commercial"** | "Parking a **Commercial** Vehicle on any city street with its platform lift in the lowered position while no one is with the vehicle." | Unlawful when issued in combination with **VC31** ticket(s) swearing "under penalty of perjury" that the same vehicle is illegally parked solely because it is **"non-commercial."** |
| 85 | Vehicle is **"Commercial"** | "Parking a **Commercial** Vehicle more than 3 hours, where parking is allowed." | Unlawful when issued in combination with **VC31** ticket(s) swearing "under penalty of perjury" that the same vehicle is illegally parked solely because it is **"non-commercial."** |
| All Violation Code Definitions obtained from https://www1.nyc.gov/site/finance/vehicles/services-violation-codes.page (last accessed Jan. 29, 2022).  All red Violation Codes correspond to the 34 R.C.N.Y. § 4-08(k) ("Special rules for commercial vehicles"). | | | |



                                        Respectfully submitted,

                                        Robert B. Lower

cc:     Daniel J. Schneider (counsel for Plaintiffs) and Edward Murray (counsel for Defendants)